UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE : <br> COMPANY a/s/o EQUIPOWER : <br> RESOURCES CORP., et al., : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> HOWMET CASTING & SERVICES, : <br> INC., : <br> Defendant. : | Case No. 3:15-cv-01408 (VAB) |

## ORDER

A number of insurance companies, including Liberty Mutual Insurance Company, Westport Insurance Company, Navigators Insurance Company and others (hereinafter "Plaintiffs"), bring this lawsuit against Howmet Casting & Services, Inc. ("Defendant" or "Howmet") seeking damages related to an alleged turbine failure at a power plant in Milford, Connecticut. Second Am. Compl., ECF No. 11. Plaintiffs allege that the damage was caused by a defective turbine blade made by Howmet. *Id.* at ¶ 16. Howmet has moved to dismiss Counts I and III of Plaintiffs' Second Amended Complaint under Fed. R. Civ. P. 12(b)(6); in the alternative, Howmet asks the Court to strike certain allegations under Fed. R. Civ. P. 12(f) and require a more definite statement under Fed. R. Civ. P. 12(e). Def. Mot. to Dismiss/Strike, ECF No. 14. For the reasons set forth below, Howmet's Motion to Dismiss, Motion to Strike and/or Motion for a More Definite Statement is **DENIED**.

A. **STANDARD OF REVIEW**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S.

1

544, 555 (2007), but Rule 8 demands more than conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In determining whether a plaintiff has met this standard, the Court must accept the allegations as true and draw all reasonable inferences in the light most favorable to the nonmoving party. *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

Alternatively, Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Resolution of a Rule 12(f) motion is left to the district court's discretion, and such motions are generally disfavored and infrequently granted. *Tucker v. Am. Int'l Grp., Inc.,* 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013). This type of motion will be denied "unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). "[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." *Id.* Thus, the party moving to strike "bears a heavy burden" and ordinarily must show that (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) permitting the allegations to stand would result in prejudice to the movant. *Tucker*, 936 F. Supp. at 16.

### B. DISCUSSION

Plaintiffs' Complaint describes three claims against Howmet: a negligence claim (Count I), a products liability claim under the Connecticut Products Liability Act ("CPLA") (Count II), and a Breach of Express and Implied Warranty claim (Count III). Second Am. Compl. ¶¶ 13-44. Howmet argues that Counts I and III should be dismissed under Rule 12(b)(6) because the

exclusivity provisions of the CPLA prohibit these claims from being brought separately. Def. Mot. to Dismiss/Strike.  Alternatively, Howmet argues that the express warranty allegation in Count III be dismissed under Rule 12(b)(6) or stricken under Rule 12(f) based on Plaintiffs' lack of specificity with respect to that claim.  Howmet also moves for a more definite statement under Rule 12(e), proposing that the Court order detailed revisions to particular paragraphs of Plaintiffs' complaint. *Id.*

In light of this Court's obligation not to "tamper with the pleadings unless there is a strong reason for so doing," *Lipsky*, 551 F.2d at 893, the Court declines to grant Howmet's requests.  Howmet has failed to establish that dismissal or revision of Plaintiffs' Second Amended Complaint is warranted under Rule 12(b)(6), Rule 12(f), or Rule 12(e).

### a. Motion to Dismiss under Rule 12(b)(6)

Howmet argues that dismissal may be warranted because Plaintiffs stated their negligence and breach of warranty claims separately rather than pleading all three claims under the CPLA.  Def. Mem. in Supp. 5, ECF No. 14-1.  The CPLA serves as the "exclusive remedy" for products liability claims.  *Fraser v. Wyeth, Inc.*, 857 F. Supp. 2d 244, 252 (D. Conn. 2012). Although it "does not preempt all common law theories of product liability… the CPLA bars separate common law causes of action in product liability cases." *Id.* (citing *Densberger v. United Technologies Corp.*, 297 F.3d 66, 70 (2d Cir. 2002)).  By stating three distinct counts, Plaintiffs' complaint treats the claims of negligence and breach of warranty as separate from the CPLA claim, which is not permitted by this "exclusive remedy" rule.  Second Am. Compl.

However, rather than dismissing the claims or requiring amendment of the pleadings, courts have typically read multiple products liability counts as though they had been pled together under the CPLA. *See Fraser*, 857 F. Supp. 2d at 252 ("Rather than reading the pleading

requirements under the CPLA to bar the constituent common law allegations that make up Plaintiffs' CPLA claims, the Court will instead read the first seven counts of the Complaint to constitute a single CPLA claim broken up into individual common law theories of products liability"); *Walters v. Howmedica Osteonics Corp.*, 676 F. Supp. 2d 44, 49 (D. Conn. 2009) ("while [plaintiffs'] claims exist within the CPLA framework, those claims retain their character as they existed at common law. The enactment of the CPLA did not displace common law theories of liability"); *Beyer v. Anchor Insulation Co., Inc.*, No. 3:13CV1576 JBA, 2014 WL 5465698, at *1 n2 (D. Conn. Oct. 28, 2014) (declining to dismiss separately pled claims and reading separate claims as a single CPLA claim). The Court sees no reason to deviate from this practice here.  Plaintiffs' negligence claim and breach of warranty claim could be interpreted as having been appropriately brought pursuant to the CPLA; accordingly, Howmet's Motion to Dismiss for failure to state a claim under Rule 12(b)(6) is denied.

### b. Motion to Dismiss/Strike Express Warranty Claim under Rule 12(b)(6) and Rule 12(f)

In the alternative, Howmet asks the Court to require Plaintiffs to amend their complaint by striking certain paragraphs and revising others.  Def. Mot. to Dismiss/Strike.  Under Rule 12(f), Howmet seeks to dismiss or strike a portion of Plaintiffs' breach of warranty claim in Count III, arguing that Plaintiffs inappropriately pled both express and implied warranty claims in a single count "to create even more confusion" and requesting that references to express warranties be stricken from Plaintiffs' complaint.  Def. Mem. in Supp. at 8.  This request is denied.

Howmet claims that Plaintiffs failed to plead the existence of an express warranty with the required specificity, thus failing to provide Howmet with "fair notice" of the basis of their claim and justifying its dismissal or striking from the complaint.  *Id.* at 9.  In support of its

4

argument, Howmet relies on *Simoneau v. Stryker Corp.*, 2014 WL 1289426 (D. Conn. 2014), a products liability case which resulted in the dismissal of an express warranty claim based on lack of specificity.  In *Simoneau*, the plaintiff's complaint mentioned that the defendants breached an express warranty, but it did not actually allege any express warranties made by the defendants. *Id*.  This Court dismissed the plaintiff's breach of express warranty claim for failure to state a claim under Rule 12(b)(6), explaining that "[w]hile Simoneau need not prove the existence of the warranty at this stage, the Complaint must at least indicate the representation that the Stryker defendants are alleged to have made and breached."  *Id*. at *44-45; *see also McConologue v. Smith & Nephew, Inc.*, 8 F. Supp. 3d 93, 115 (D. Conn. 2014) (dismissing express breach of warranty claim where complaint does not state the warranty that was allegedly made).

  Here, however, Plaintiffs did allege a specific representation on the part of Howmet.  In Count III of the Second Amended Complaint, Plaintiffs state: "Defendant represented that they took the responsibility to provide their customers blades that were safe and free of malfunction defects" and further explain that "[t]he purchasers and users of the blades… reasonably relied upon those representations."  Second Am. Compl. ¶¶ 40-41.  Drawing all reasonable inferences in the light most favorable to the nonmoving party, this allegation is sufficient to state a claim for breach of express warranty.  In the absence of any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" as required by Rule 12(f), Howmet's Motion to Strike is denied as to Plaintiffs' breach of express warranty claim.

  **a. Motion for More Definite Statement under Rule 12(e)**

  Finally, Howmet moves for a more definite statement, suggesting numerous amendments to Plaintiffs' complaint.  Howmet's specific requests include the adjustment of Count II to exclude all references to allegations of negligence and the adjustment of Count III to exclude all

references to allegations of negligence and strict liability.  Def. Mot. to Dismiss/Strike at 3.  Howmet also requests that Plaintiffs be made to correct references to "Connecticut Product Liability Statute" so that they read "Connecticut Products Liability Act," and further requests that Plaintiffs "clarify" Counts I and III by explicitly mentioning CPLA in those counts.  *Id*.  These alleged deficiencies in Plaintiffs' complaint are not sufficient to justify a required amendment under Rule 12(e), and Howmet's Motion for a More Definite Statement is denied.

Under Rule 12(e) "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "For a more definite statement to be warranted, the complaint must be so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009) (internal quotation marks and citations omitted).  "The rule is designed to remedy unintelligible pleadings, not to correct for lack of detail." *Id*.

Although the decision to grant a motion for a more definite statement lies within the discretion of the district court, "[s]uch motions are generally disfavored… and are not intended to substitute for the 'normal discovery process.'"  *Vaden v. Lantz*, 459 F. Supp. 2d 149, 151 (D. Conn. 2006).  "The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 233 F.R.D. 133, 135 (S.D.N.Y. 2005).

Here, it appears that despite its technical errors and "commingling" of claims, Plaintiffs' complaint is not "unintelligible" to Howmet.  Def. Mem. in Supp. at 6; *Kuklachev*, 600 F. Supp. 2d at 457 (denying motion to dismiss pursuant to Rule 12(e) where "Defendants have not come close to showing that the complaint is 'so excessively vague and ambiguous as to be

unintelligible'"). Howmet's memorandum in support of its motion clearly identifies the technical problems with Plaintiffs' complaint and suggests alternative phrasings to remedy each issue. Def. Mem. in Supp.  Howmet has failed to explain how it would suffer prejudice if required to answer or otherwise defend against the complaint in its current form.  *See Holmes v. Fischer*, 764 F. Supp. 2d 523, 532 (W.D.N.Y. 2011) ("Significantly, Defendants have failed to explain how the Complaint is unintelligible or what prejudice could result in the absence of a more definite statement"); *Patrick Dev., Inc. v. VIP Restoration, Inc.*, No. 09-CV-670A, 2010 WL 447390, at *2 (W.D.N.Y. Feb. 2, 2010) ("defendant has not shown how the complaint is unintelligible or what prejudice—i.e., what loss of rights in later proceedings or at trial—it will suffer if it answers or otherwise challenges the complaint in its current form").

Howmet has failed to demonstrate to the Court that the pleadings are so defective as to require a more definite statement at this stage.  Accordingly, Howmet's motion for a more definite statement under Rule 12(e) is denied.

### C. CONCLUSION

Defendant's Motion to Dismiss and Motion to Strike and/or Motion for a More Definite Statement is **DENIED**.  Defendant is instructed to file an Answer addressing the allegations in Plaintiffs' Second Amended Complaint.

SO ORDERED at Bridgeport, Connecticut this 30th day of September, 2016.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE